T.C. Summary Opinion 2007-207


UNITED STATES TAX COURT


RICHARD AND ARLINE MULLER, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 21941-05S.          Filed December 10, 2007.


Richard Muller and Arline Muller, pro sese.

Kristina L. Rico, for respondent.


CARLUZZO, Special Trial Judge:  This case was heard pursuant to the provisions of section 7463.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

_____

[1]  Unless otherwise indicated, section references are to the Internal Revenue Code of 1986, as amended, in effect for the relevant period.

Respondent determined a $12,567 deficiency in petitioners' 2003 Federal income tax and a $2,513 accuracy-related penalty under section 6662(a). The issues for decision are: (1) Whether a distribution from an individual retirement account (IRA) is includable in petitioners' 2003 income; and (2) whether petitioners are liable for the accuracy-related penalty.

## Background

Some of the facts have been stipulated and are so found. Petitioners are and were at all times relevant married to each other. Their joint 2003 Federal income tax return was timely filed. References to petitioner are to Richard Muller.

Petitioner, who was born in 1934, spent most of his working career in the trucking industry. One of his former employers went out of business during 2000. As a result, petitioner received a $72,000 distribution from some type of employment-based employee benefit plan. No portion of the $72,000 distribution was included in the income reported on petitioners' 2000 joint Federal income tax return. As best can be determined from the record, at least a portion of the $72,000 distribution made its way into an individual retirement account that petitioner maintained with Commerce Bank.

The total value of the IRA as of January 1, 2003, was $47,860.49. Three interest accruals totaling $595.62 added to the balance of the IRA during 2003; otherwise there were no

deposits or additions to the IRA. Pursuant to a request made by petitioner on December 17, 2003, the IRA was closed and, taking into account an interest penalty, petitioner received a $48,366.65 distribution from the IRA on that date (the IRA distribution). The IRA distribution is evidenced by a Form 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., issued to petitioner by Commerce Bank.

Petitioner deposited $40,000 of the IRA distribution into a regular time deposit account. The disposition of the remaining portion of the IRA distribution ($8,366.65) is not known, and petitioners now agree that at least that amount should have been included in the income reported on their 2003 return.[2]

The income reported on petitioners' timely filed 2003 Federal income tax return, which was prepared by a paid income tax return preparer, does not include any portion of the IRA distribution, but it does include a different distribution, in a much smaller amount, also evidenced by a Form 1099-R.

In the notice of deficiency, respondent increased petitioners' income by the amount of the IRA distribution. Respondent also imposed a section 6662(a) accuracy-related

---

[2] Petitioner mistakenly believed that he used a portion of the IRA distribution to pay an outstanding Federal income tax liability from 2000. The record clearly demonstrates that the payment he recalled was made in 2002, the year before the IRA distribution.

penalty upon the ground that the underpayment of tax required to be shown on petitioners' 2003 return is a substantial understatement of income tax.

## Discussion

It is clear, and the parties agree, that the IRA distribution was made from an account described in section 408(a). They further agree that the IRA distribution is subject to tax as provided in section 72. See sec. 408(d)(1). Section 72(a) requires that the IRA distribution be included in petitioner's income to the extent it exceeds petitioner's "investment in the contract". See secs. 72(b)(1), (c), 408(d)(2).

Following trial, the Court held the record open so that any question regarding petitioner's investment in the contract in the IRA account could be resolved. As it turns out, petitioner's investment in the contract, within the meaning of the relevant statutes, was zero as of the close of 2003.

At trial petitioners took the position that $40,000 of the IRA distribution was excludable from their 2003 income because that amount was "rolled over" into a different qualifying account. They are mistaken on the point. Although petitioner used $40,000 of the IRA distribution to open a time deposit account, the transaction was not a "rollover contribution" as

defined in section 408(d)(3) because the time deposit account to which the funds were deposited is not the type of account described in that section.

Because petitioner had no investment in the contract in the IRA, and no portion of the IRA distribution is excludable as a rollover contribution, respondent's determination that the entire amount of the IRA distribution is includable in petitioners' 2003 income is sustained.

In the notice of deficiency respondent imposed a section 6662(a) accuracy-related penalty. The $12,567 deficiency placed in dispute in this case results entirely from petitioners' failure to include the IRA distribution in the income reported on their 2003 return. As relevant here and for purposes of the imposition of the penalty, the underpayment of tax and the understatement of income tax are computed in the same manner as, and equal to, the deficiency. Cf. secs. 6211, 6662(d)(2), 6664(a).

According to respondent, the penalty is applicable because the underpayment of tax is a substantial understatement of income tax. See sec. 6662(b)(2), (d). Because the understatement of income tax exceeds $5,000, it is a substantial understatement of income tax within the meaning of section 6662(b)(2). See sec.

6662(d)(1)(A)(ii).[3]  Respondent's burden of production with respect to this penalty has been satisfied.  See sec. 7491(c).

The section 6662(a) accuracy-related penalty does not apply to any portion of the underpayment if the taxpayer demonstrates that there was reasonable cause for such portion and the taxpayer acted in good faith with respect to it (the good faith exception).  Sec. 6664(c)(1); sec. 1.6664-4(a), Income Tax Regs.

A taxpayer who reasonably relies upon the advice of a competent tax professional can avoid the imposition of the section 6662(a) penalty, if the taxpayer demonstrates that the tax professional was supplied with sufficient information to accurately prepare the taxpayer's Federal income tax return.  See United States v. Boyle, 469 U.S. 241 (1985); Schwalbach v. Commissioner, 111 T.C. 215 (1998).

Reliance on a tax adviser is not reasonable, however, where the taxpayer has failed to disclose adequately "all necessary information" affecting the computation of the taxpayer's tax liability.  Ellwest Stereo Theatres of Memphis, Inc. v. Commissioner, T.C. Memo. 1995-610.

Petitioners do not claim, and the record does not otherwise indicate, that petitioners provided their return preparer with

---

[3] Ten percent of the tax required to be shown on petitioners' 2003 return is less than $5,000.  See sec. 6662(d)(1)(A)(i).

information relating to the IRA distribution.  Petitioners have failed to establish that the good faith exception applies to the imposition of the section 6662(a) accuracy-related penalty.  See Higbee v. Commissioner, 116 T.C. 438 (2001).  Respondent's imposition of that penalty is sustained.

To reflect the foregoing,

Decision will be entered

for respondent.